# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SARAH BARNETT DONAHUE<br>Plaintiff | CIVIL ACTION |
| VERSUS | NO. 15-6036 |
| RANDY SMITH, et al.<br>Defendants | SECTION "E" (3) |

## ORDER AND REASONS

Before the Court is Plaintiff Sarah Donahue's "Motion for a New Trial or to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59."[1] Plaintiff seeks reconsideration of the motions for summary judgment filed by Defendants Alex Dantagnan, Brandon Donahue, Michael Ripoll, Randy Smith, and Steven Gaudet.[2] The motion is opposed.[3] For the reasons that follow, the Court denies the motion.

On September 11, 2017, the Court granted Dantagnan, Donahue, Ripoll, Smith, and Gaudet's motions for summary judgment.[4] Although Plaintiff styles her motion as a motion for a new trial, Plaintiff challenges the Court's ruling on these motions, not a judgment resulting from a trial on the merits. Therefore, only Rule 59(e) applies to Plaintiff's motion, and the Court construes the motion as one for reconsideration.

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and

---

[1] R. Doc. 146.
[2] R. Docs. 90, 91, 93.
[3] R. Doc. 165.
[4] R. Doc. 126.

should, have been made before the judgment issued."⁵ A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"⁶ "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"⁷ "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."⁸

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.⁹

In her motion for reconsideration, Plaintiff argues the Court should grant her motion to reconsider under the second option, averring she "has now acquired the testimony of Sergeant Wanda Jarvis."¹⁰ Plaintiff contends this "new evidence" demonstrates Brandon Donahue "abused his authority as a deputy sheriff," that Major Herbert "altered" Sergeant Jarvis's report on Brandon Donahue, and that Major Herbert

---

⁵ *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
⁶ *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
⁷ *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
⁸ *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).
⁹ *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
¹⁰ R. Doc. 146-1 at 2.

ignored Sergeant Jarvis's recommendation that "Reserve Deputy Donahue be terminated and that Sergeant Dantagnan be disciplined."[11] According to Plaintiff, "[t]his certainly proves—or at least establishes a genuine issue of material fact about—a conspiracy within the Sheriff's Department to protect their own."[12]

In opposition, Defendants point out that Plaintiff acquired this alleged "new evidence" before Defendants submitted their respective motions for summary judgment. Plaintiff admits in her motion for reconsideration that she spoke with Sergeant Jarvis on July 11, 2017,[13] approximately one month before Defendants filed their motions for summary judgment[14] and approximately two months before this Court ruled on the motions.[15] Rule 59(e) "cannot be used to raise new arguments which could, and should, have been made before the judgment issued."[16]

Accordingly;

Plaintiff Sarah Donahue's motion for reconsideration is **DENIED** as set forth above.

**New Orleans, Louisiana, this 13th day of November, 2017.**

                                        *_____*
                                        **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 146-1 at 2.
[12] R. Doc. 3.
[13] R. Doc. 146-2 at ¶ 8 ("I first spoke with Wanda Jarvis, a former Internal Affairs Investigator with the St. Tammany Parish Sheriff's Office, on July 11, 2017. In that conversation, Ms. Jarvis provided me the information that is set out in paragraphs 4 through 13 in her declaration.").
[14] R. Docs. 90, 91, 93.
[15] R. Doc. 126.
[16] *Schiller v. Physicians Resource Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). Plaintiff also, without argument, asserts "it would be manifest injustice to dismiss this case without considering the Declaration of former Sergeant Wanda Jarvis." *Id.* at 3. This contention is also unavailing. "[T]he negligence or erroneous strategy choices of a party's attorney or the party herself, which contributed to the court's dismissal of the party's claims, do not amount to manifest injustice." *Courtade v. Harrah's Operating Co., Inc.*, No. 10–4036, 2011 WL 24466454, at *4 (E.D. La. June 15, 2011) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 633–34 (1962)).