UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SARAH BARNETT DONAHUE,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 15-6036 |
| RANDY SMITH, ET AL.,<br>    Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is Defendant Brandon Michael Donahue's motion for attorneys' fees and costs, pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d).[1] The motion is opposed.[2] For the reasons that follow, the Court grants the motion in part and denies the motion in part.

## BACKGROUND

Plaintiff Sarah Donahue initially filed suit on November 18, 2015, bringing federal and state law claims against her ex-husband, Brandon Donahue; Sheriff Rodney J. Strain, Jr.; and Sergeants Michael Ripoll, Jr., Alex Dantagnan, Jr., and Steven Gaudet (collectively "Defendants").[3] On September 12, 2017, the Court granted judgment in favor of Defendants.[4] Defendant Bandon Donahue now seeks costs and attorneys' fees, contending he is entitled to them as a "prevailing party," and that Plaintiff's claims against him were "frivolous."

According to Plaintiff's underlying complaint, Brandon Donahue served as a reserve deputy with the St. Tammany Parish Sheriff's Office from 2012 until 2014.[5] In her

---

[1] R. Doc. 141.
[2] R. Doc. 147.
[3] R. Doc. 91.
[4] R. Doc. 127.
[5] R. Doc. 35 at 3, ¶ 11.

1

complaint, Plaintiff alleged Brandon Donahue "engaged in a pattern of violence against [her], which he justified and excused and was furthered by virtue of his position as a reserve deputy sheriff."[6]

On November 18, 2015, Plaintiff brought federal and state law claims against Defendants,[7] alleging Defendants conspired "to thwart the prosecution of Brandon Donahue, a fellow law enforcement officer, for domestic violence."[8] In her second amended complaint, Plaintiff brought a claim under 42 U.S.C. § 1983 against Brandon Donahue and the Deputies in their official and individual capacities for conspiracy to violate her rights under the First and Fourteenth Amendments.[9] Plaintiff also brought a *Monell* claim against the Sheriff in his official capacity for failure to supervise and train.[10]

On August 3, 2017, this Court ruled on Defendants' motions to dismiss, granting the motions in part.[11] The Court determined that all but one of the five alleged overt acts forming the basis of Plaintiff's claims had prescribed, leaving only Plaintiff's June 24, 2015 interaction with Gaudet, in which Plaintiff sought to press charges against Brandon Donahue for the alleged July 2013 battery.[12] On September 11, 2017, the Court granted judgment in favor of Dantagnan, Donahue, Ripoll, Smith, and Gaudet on Plaintiff's remaining claims.[13] In granting judgment in favor of Defendants, the Court found Plaintiff had failed to present any evidence indicating Defendants agreed to protect Brandon Donahue from prosecution, thereby violating Plaintiff's right to Equal Protection, nor had

---

[6] *Id.* at ¶ 12.
[7] R. Doc. 91.
[8] R. Doc. 35 at 12–13.
[9] R. Doc. 35 at 13.
[10] *Id.* at 14.
[11] R. Doc. 88.
[12] R. Doc. 35 at 12, ¶ 38.
[13] R. Doc. 126.

she put forth "proof that the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus towards the plaintiff by the defendant."[14] On September 26, 2017, Defendant Brandon Donahue filed the instant motion for attorneys' fees and costs, pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d).[15]

## LAW AND ANALYSIS

Rule 54 of the Federal Rules of Civil Procedure creates "a strong presumption that the prevailing party will be awarded costs."[16] Rule 54(d) provides, in part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Thus, to determine whether a party can recover its costs under Rule 54(d), the Court must determine whether that party is the "prevailing party" within the meaning of the Rule.[17] After prevailing-party status has been determined, the Court then must ask whether a federal statute, a Federal Rule of Civil Procedure, or a federal court order provides that costs, for one reason or another, should not be awarded to the prevailing party.[18]

Pursuant to 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in civil rights proceedings.[19] Congress enacted § 1988, in large part, to ensure "effective access to the judicial process

---

[14] *Mata v. City of Kingsville*, 275 F. App'x 412, 415 (5th Cir. 2008) (quoting *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000) (internal quotation marks and citation omitted)).
[15] R. Doc. 141.
[16] *Schwarz v. Folloder,* 767 F.2d 125, 131 (5th Cir. 1985) (holding that when a district court declines to award costs to a prevailing party, it should state its reasons for doing so); *Perry v. Port of Houston Authority,* 31 F. App'x. 153 (5th Cir. 2001) (remanding the issue of costs to the district court for reconsideration for failing to award costs to the prevailing party and not stating its reasons for doing so); *Abate v. Kansas City Southern Ry. Co.,* No. 90-1219, 1991 WL 195518, at n. 3 (E.D. La. 1991).
[17] *See, e.g., Schwarz*, 767 F.2d at 130.
[18] *See* FED. R. CIV. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").
[19] *See* 42 U.S.C. § 1988(b); *Fox v. Vice*, 563 U.S. 826, 832–33 (2011).

3

for persons with civil rights grievances."[20] This fee provision was intended to "make it easier for a plaintiff of limited means to bring a meritorious suit."[21] However, by allowing attorney's fees to prevailing defendants, Congress also intended the provision "to deter the bringing of lawsuits without foundation," "to discourage frivolous suits," and "to diminish the likelihood of unjustified suits being brought."[22] As a result of these competing policy considerations, "the standard for awarding attorney's fees differs if a defendant rather than a plaintiff prevails."[23]

Typically, a prevailing plaintiff in a civil rights action is entitled to recover his reasonable attorney's fees, unless there is a showing of special circumstances which would make such an award unjust.[24] However, when the "prevailing party" is the defendant, the district court can award attorney's fees "only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'"[25]

### A. Costs

For the Court to award Brandon Donahue reasonable costs, (1) he must be a prevailing party, and (2) no federal statute, the Federal Rules, or court order otherwise provides that costs should not be awarded.[26]

    a. *Who is the prevailing party?*

"The 'prevailing party' determination is a clear, mechanical one; when a judgment

---

[20] *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).
[21] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978).
[22] *Id.*
[23] *White v. Southpark Indep. Sch. Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982).
[24] *See Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001).
[25] *Id.* (quoting *Christiansburg Garment Co.*, 434 U.S. at 421 ("[A] district court may in its discretion award attorneys['] fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.")).
[26] *See* FED. R. CIV. P. 54(d).

is entered in favor of a party, it is the prevailing party."[27] In this case, judgment was entered in favor of Defendants, including Brandon Donahue.[28] Thus, Brandon Donahue is a prevailing party.

  b. *Does a federal statute, federal rule, or court order "provide otherwise"?*

Although Rule 54(d) does not require that costs be awarded to the prevailing party, it states that costs *should* be awarded unless a federal statute, a federal rule, or a court order provides otherwise. In this case, no rule prevents the award of costs. Accordingly, the Court grants Defendant's motion with respect to costs.

**B. Attorney's Fees**

A successful civil rights defendant may also recover attorney's fees against the plaintiff, but only if the plaintiff's action was "frivolous, unreasonable, or without foundation."[29] A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation."[30] While this standard does not require a showing of bad faith on the part of plaintiff, district courts should avoid "post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[31] The factors important to frivolity determinations are whether (1) plaintiff established a prima facie case, (2) the defendant offered to settle, and (3) the district court dismissed the case or held a full-blown trial.[32]

---

[27] *Allianz Versicherungs, AG v. Profreight Brokers, Inc.*, 99 F. App'x 10, 13 (5th Cir. 2004) (citing *Baker v. Bowen,* 839 F.2d 1075, 1081, (5th Cir. 1988); *see also* 10 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 54.101[3] (3d ed. 1998) ("[T]he prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case.")).
[28] R. Docs. 88, 126.
[29] *See Dean*, 240 F.3d at 508 ("[A]ttorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit."); *White*, 693 F.2d at 1169-70.
[30] *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir. 1983).
[31] *Christianburg Garment Co.*, 434 U.S. at 421.
[32] *See United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991).

In this case, although the Court dismissed some of Plaintiffs' claims on Defendants' respective motions to dismiss based on prescription, two of her claims survived the motion to dismiss stage. Thus, Plaintiff made out a prime facie case. Although the parties did not settle, and the Court ultimately granted summary judgment in favor of Defendants, the Court cannot say Plaintiff's grievances were baseless, nor can the Court say Plaintiff's lawsuit was frivolous.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Defendant Brandon Michael Donahue's motion for attorneys' fees and costs[33] is **GRANTED** in part and **DENIED** in part. With respect to costs, the motion is granted. With respect to attorney's fees, the motion is denied.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 54.3, Brandon Donahue serve on Sarah Donahue's attorney and file with the clerk a motion to tax costs on the forms prescribed by the court, together with a certification that the items are correct and that the costs have been necessarily incurred.

**New Orleans, Louisiana, this 4th day of December, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. 141.