| | |
|---|---|
| **SARAH BARNETT DONAHUE,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6036** |
| **RANDY SMITH, ET AL.,**<br>     **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Sarah Barnett Donahue's objection to the U.S Magistrate Judge's order denying her motion to remove an expert report's confidential designation.[1] The motion is opposed.[2] For the reasons that follow, Plaintiff's objection is sustained.

## BACKGROUND

Plaintiff initially filed suit on November 18, 2015, bringing federal and state law claims against her ex-husband, Brandon Donahue; Sheriff Rodney J. Strain, Jr.; and Sergeants Michael Ripoll, Jr., Alex Dantagnan, Jr., and Steven Gaudet (collectively "Defendants").[3] During the pendency of the case, Plaintiff filed a motion for a protective order pertaining to her medical records, which the U.S. Magistrate Judge granted on July 13, 2017 (the "Protective Order").[4] The Protective Order reads in pertinent part:

> 1. Each party shall have the right to designate as "Confidential" and subject to this Agreement documents and other materials that may be accorded confidential protection. All information and documents which any party to the captioned litigation designates as "Confidential" shall be used by all other parties solely for the purposes of the captioned litigation. "The

---

[1] R. Doc. 142.
[2] R. Doc. 164.
[3] R. Doc. 91.
[4] R. Doc. 70. Brandon Donahue filed no opposition to Plaintiff's motion for protective order and failed to appear before Magistrate Judge Knowles for the oral hearing on the motion. *Id.*

captioned litigation" includes any appeal from an order of judgment in the captioned litigation.

2. Any document or thing may be designated as Confidential by any party . . . .

8. A party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to the captioned litigation disagrees at any stage of these proceedings with the designation by the designated party of any document or information as Confidential, the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. The Parties may by stipulation provide for exceptions to this Agreement and any party may seek an order of the court modifying this Agreement. This Agreement shall be without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information or document should, or should not, in fact be accorded Confidential status.

10. Unless the court orders or the Parties hereto agree in writing otherwise, within thirty (30) calendar days after the conclusion of the captioned litigation, all originals and reproductions of any documents or materials which have been designated and remained Confidential pursuant to this Agreement, including, without limitation, any notes, summaries, or other transcripts made therefrom, shall be returned to the producing party, unless such copies have been destroyed and the destruction thereof has been certified in writing by counsel for the party previously in possession of such Confidential information. . . . Insofar as this Agreement restricts the communication and use of Confidential documents or information, the Agreement shall continue to be binding after the conclusion of the captioned litigation, except that a party may seek the written permission of the designating party with respect to dissolution or modification of this Agreement, or any provision thereof.[5]

During discovery, Defendants hired F. Charles Frey, IV, Ph.D. to conduct a psychological independent medical evaluation ("IME") of Plaintiff.[6] On June 27, 2017, Dr. Frye examined Plaintiff, conducted a series of tests, and prepared an expert report, which included both his diagnosis and recommendations for Plaintiff's future care.[7] Defendant

---

[5] R. Doc. 83 at 1, 3–4.
[6] R. Doc. 128-5.
[7] R. Doc. 136.

Brandon Donahue designated Dr. Frye's report as confidential pursuant to the Protective Order.[8]

On September 12, 2017, this Court granted judgment in favor of Defendants.[9] On October 1, 2017, Plaintiff filed a notice of appeal.[10] That appeal is currently pending before the Fifth Circuit.[11]

On September 19, 2017, Plaintiff filed the instant motion to remove the confidential designation of Dr. Frey's expert report.[12] The motion was referred to the U.S. Magistrate Judge.[13] On September 22, 2017, the magistrate judge denied Plaintiff's motion because (1) "the report itself states that it has no bearing on custody," (2) "[D]efendant paid for the report as part of an independent medical evaluation of [P]laintiff," and (3) "[P]laintiff has the right to return to [Dr.] Frey herself to receive her own report not associated with this litigation."[14] Additionally, the magistrate judge, citing paragraph 10 of the Protective Order, held that "[b]ecause . . . [P]laintiff ultimately seeks a modification of the protective order post-litigation and because [P]laintiff needs the written permission of the designating party—and not a court order—and that party denied permission, this clause[, paragraph 10,] forecloses this motion."[15]

Plaintiff timely filed this objection.[16]

---

[8] *See* R. Doc.
[9] R. Doc. 127.
[10] R. Docs. 150, 158.
[11] Case No. 17-30828 (5th Cir.)
[12] R. Doc. 128.
[13] *Id.*
[14] R. Doc. 139 at 1–2.
[15] *Id.*
[16] R. Doc. 142.

## LAW AND ANALYSIS

A magistrate judge's non-dispositive order may be set aside only if it "is clearly erroneous or is contrary to law."[17] This Court reviews the magistrate judge's "factual findings under a clearly erroneous standard," while "legal conclusions are reviewed de novo."[18]

Under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[19] "As a general proposition, a district court [may] exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion."[20] Protective orders are characterized as "flexible devices,"[21] and are "designed to shape the changing needs of the litigation and subject to continued modification."[22] Thus, "[p]arties may seek modification of a protective order to gain access to previously deemed confidential materials."[23]

"There are essentially three types of protective orders in terms of the amount of information covered. The narrowest is a protective order covering specific, identified

---

[17] FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); *see also Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014).

[18] *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993).

[19] FED. R. CIV. P. 26(c).

[20] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).

[21] Charles Alan Wright, et al., 8 *Federal Practice & Procedure* 2d § 2044.1 (2008).

[22] *Granger v. Slade*, 90 F. App'x 741, 742 (5th Cir. 2004).

[23] *Schafer v. State Farm & Fire Cas. Co.*, No. 06-8262, 2009 WL 650263, at *2 (E.D. La. 2009); *see also Holland v. Summit Autonomous, Inc.*, No. 00-2313, 2001 WL 930879, at *2 (E.D. La. Aug. 14, 2001) ("This Court retains the authority to modify or list confidentiality orders that it previously entered." (citing *Pansy v. Borough of Stoudsbourg*, 23 F.3d 772, 784 (3d Cir. 1994))).

information."[24] Before a court issues a "narrow" order of protection, it first reviews the material to be designated confidential before issuing the order, so it is clear in that case that "good cause" for the order exists.[25] On the other end of the protective order spectrum is the so-called "umbrella" protective order, which predesignates all discovery as protected,[26] and does not require a specific showing of good faith.[27] In this case, the Court imposed a "blanket" protective order, which permits either party to deem confidential any documents he or she believes in good faith contain confidential information.[28]

Plaintiff argues the magistrate judge's order is "contrary to law, as it is based on a misinterpretation of the Protective Order, and bolstered by a clearly erroneous factual finding."[29]  First, Plaintiff contends the magistrate judge's order misinterprets the terms of the Protective Order. Plaintiff submits that because litigation in this matter is on-going, paragraph 10 of the Protective Order, which requires any modifications to the order sought "after the conclusion of the captioned litigation" be agreed to in writing by the designating party, is inapplicable to her motion. Rather, she avers paragraph 8, which applies to modifications sought "at any stage of these proceedings," applies to her motion, as this case is still pending before the Fifth Circuit. In support of her contention, Plaintiff points to paragraph 1 of the Protective Order, which defines "[t]he captioned litigation" as including "any appeal from an order of judgment in the captioned litigation."

---

[24] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (quoting *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995), *overruled on other grounds by S.E.C. v. TheStreet.Com*, 273 F.3d 222 (2d Cir. 2001)).
[25] *See* Wright, et al., *supra* note 21 at § 2044.1 ("In general, [protective orders] are to be entered only on a specific showing of good cause, but on many occasions they are embodied in 'umbrella' orders entered on stipulation in advance of discovery and apply to all materials deemed confidential by the producing party.").
[26] *Id.*
[27] *Id.*
[28] *See id.*
[29] R. Doc. 142-1 at 1.

Second, Plaintiff argues she was not seeking removal of the confidential designation solely for its use in a state court custody proceeding; she also seeks removal because of her "strong interest in her own psychological health" and her interest in "shar[ing] with her regular therapist the results of the broad, expansive, and time-consuming testing" she believes "could assist her therapy."[30] Finally, Plaintiff contends she is the "only person outside this litigation with any legitimate interest in controlling access to any evaluation of her psychological health."[31]

The Court finds the magistrate judge's determination that paragraph 10 applies to Plaintiff's motion is clearly erroneous. Paragraph 10 applies to modifications sought post-litigation. Paragraph 8, however, applies to modifications sought during the pendency of the litigation, which by the express terms of the Protective Order, includes appeals. As this case is currently on appeal before the Fifth Circuit, paragraph 8, not paragraph 10, applies to Plaintiff's motion. Under paragraph 8, "the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court." As Defendant does not consent to the removal of Dr. Frey's expert report's confidential designation, Plaintiff properly now seeks "appropriate relief from the Court."

In reviewing a challenge to the confidential designation assigned to a document pursuant to a blanket protective order "designed to protect matters of private, as opposed to public, interest," courts in this Circuit apply a four-part test.[32] These factors include:

---

[30] *Id.* at 8.

[31] R. Doc. 142-2 at 8.

[32] *See, e.g.*, *Petrobras Am. Inc. v. Vicinay Cadenas, S.A.*, No. 12-888, 2015 WL 12940017, at *1 (S.D. Tex. Dec. 18, 2015); *Holland*, 2001 WL 1132030, at *2; *United States v. Ocwen Loan Servicing, LLC*, No. , 2016 WL 278968, at *2 (E.D. Tex. Jan. 22, 2016); *United States v. Homeward Residential, Inc.*, No. , 2016 WL 279543, at *2 (E.D. Tex. Jan. 22, 2016); *Schafer*, 2009 WL 650263, at *2.

(1) good cause—if good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection;
(2) the nature of the protective order (i.e., narrow vs. broad, court imposed vs. court approved upon stipulation of the parties);
(3) the foreseeability at the time of the original protective order of the modification now requested; and
(4) the parties' reliance on the protective order.[33]

Under the first prong, the Court evaluates whether good cause existed for the issuance of the protective order. The justification for the blanket protective order issued in this case is to protect Plaintiff's confidential medical records. Despite the underlying case being a § 1983 Equal Protection action, Defendants sought "Plaintiff's medical records spanning two decades from at least 19 health care providers, a number of whom treated Plaintiff only briefly and/or more than a decade ago,"[34] as well as the report at issue in Plaintiff's motion. Thus, the Court finds good cause existed to issue the Protective Order, as Plaintiff's medical documents contain sensitive and confidential information.

Second, the Court considers the nature of the protective order. In this case, the magistrate judge approved a blanket protective order that allowed either party, at its discretion and without the Court's specific finding of good cause, to deem certain documents confidential.[35] The Protective Order was imposed following a hearing on the motion and over Defendants' objection. Because the Protective Order is not the product of the parties' joint stipulation, this factor weighs in favor of modification.[36]

---

[33] *See Petrobras Am. Inc.*, 2015 WL 12940017, at *1.
[34] R. Doc. 63-1 at 5. The medical records Defendants sought included Plaintiff's gynecological records. *Id.* at 7.
[35] R. Doc. 83 at 1.
[36] *See Schafer*, 2009 WL 650263, at *3.

Next, considering whether the need for a modification request was foreseeable at the time the protective order was entered, the existence of a procedure for removing a document's confidential designation being specifically provided for in the terms of the Protective Order make it foreseeable that the parties might seek judicial modification of the protective order.

Finally, with respect to the parties' reliance on the order,

> The extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery or to settle the case. For instance, reliance would be greater where a trade secret was involved, or where witnesses had testified pursuant to a protective order without invoking their Fifth Amendment privilege. . . . Reliance will be less with a blanket order, because it is by nature overinclusive.[37]

There is no evidence the Protective Order induced Defendants to allow discovery, or that Defendants have in any way relied on the Protective Order to their detriment. Thus, although it is clear Plaintiff has relied on the Protective Order, the same cannot be said for Defendants.

The producing party has the burden of proof with respect to demonstrating a document's confidential nature.[38] In his opposition, Defendant does not offer any reason why the Court should maintain the expert report's protected status.[39] Because Defendant has not offered any reason why the confidential designation of Dr. Frey's report should be maintained, and three of the four modification factors weigh in favor of removing the report's confidential designation, the Court sustains Plaintiff's objection to the magistrate judge's order denying her motion to remove the IME's confidential status.

---

[37] *Pansy*, 23 F.3d at 790 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992)).
[38] *See Holland*, 2001 WL 1132030, at *2 (citing *Pansy*, 23 F.3d at 787 n.17) ("After delivery of the documents, the opposing party would have the opportunity to indicate precisely which documents it believed not to be confidential, and the party seeking to maintain the seal would have the burden of proof with respect to those documents.").
[39] *See* R. Doc. 164.

Accordingly;

**<u>CONCLUSION</u>**

**IT IS ORDERED** that Plaintiff Sarah Donahue's motion to remove the confidential designation of F. Charles Frey, IV, Ph.D.'s expert report[40] is **GRANTED**.

**New Orleans, Louisiana, this 26th day of December, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[40] R. Doc. 128.